UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| THE GEORGE NELSON FOUNDATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MODERNICA, INC. )<br>)<br>Defendant. )<br>) | 1:13-CV-03427-MMB |

**MOTION FOR PROTECTIVE ORDER QUASHING DEPOSITION NOTICES AND SUBPOENA TO BRIAN WALKER AND SALLY WISBANG**

Third-Party Respondents Brian Walker and Sally Wisbang ("Respondents"), by and through their counsel, hereby respectfully move for entry of a protective order precluding Defendant Modernica, Inc. ("Modernica") from taking their depositions. In support of the motion, Respondents state as follows:[1]

1.      This is a trademark infringement dispute between The Foundation and Modernica. The Foundation is the successor-in-interest to George Nelson, a famous 20th Century designer who designed a myriad of products ranging from furniture to home accessories, including lamps. The products have been continuously sold through authorized licensees under the GEORGE NELSON and NELSON trademark (the "GEORGE NELSON Marks") since 1946. After his death in 1986, Mr. Nelson's rights in the GEORGE NELSON Marks passed to his widow, Jacqueline Nelson.  In February 2013, Ms. Nelson – now in her mid-90's – assigned her intellectual property rights to The Foundation.  Three months later, The Foundation sued

---

[1] The following summary of the case is taken from the pleadings and is based on counsel's understanding of the facts of the case following discussions with The Foundation's counsel.

Modernica for trademark infringement in the instant suit in connection with its sale of knockoff Nelson lamps under the GEORGE NELSON Marks. Respondents understand that Modernica does not deny it is selling copies of Nelson lamps or that it is using the GEORGE NELSON Marks to market its unauthorized products.

2.  Ms. Wisbang and Mr. Walker are employees of Herman Miller, Inc. ("Herman Miller"). Herman Miller is a publicly traded company engaged in the manufacture and sale of office furniture, equipment and home furnishings. It has offices throughout the world and employs thousands of individuals. Herman Miller is a licensee and supporter of The Foundation, but is not a party to this suit. Herman Miller has sold George Nelson-designed products under the GEORGE NELSON Marks for decades under a license agreement with The Foundation and its predecessors.

3.  Herman Miller has filed a separate suit for trademark infringement against Modernica based on Modernica's infringement of the works and trademarks of another famous designer, Charles Eames. The undersigned represents Herman Miller in the suit. That separate suit is currently pending in the U.S. District Court for the Western District of Michigan.

4.  Mr. Walker is the CEO of Herman Miller. He currently has no direct role or involvement in The Foundation or its operations and has no knowledge reasonably calculated to lead to the discovery of admissible evidence in this case. By Modernica's own admission, it seeks to depose Mr. Walker because he attended an inaugural Foundation board meeting and is copied on a handful of the thousands of documents produced in the case.

5.  Ms. Wisbang is employed as an executive assistant at Herman Miller. She works for Ben Watson, the Executive Creative Director of Herman Miller and a member of The Foundation's board. Mr. Watson has already been deposed in this case. Ms. Wisbang's

involvement in The Foundation is limited to performing certain administrative tasks on behalf of Mr. Watson and serving as The Foundation's secretary and bookkeeper.  Though her name appears on a number of documents produced in this case, Mr. Watson clarified at his deposition that Ms. Wisbang's authority is limited to performing the tasks asked of her.

6. The Foundation has not identified Mr. Walker or Ms. Wisbang in its initial disclosures or interrogatory responses as persons with knowledge and does not plan to call them at trial in this matter.  Moreover, there is no evidence tying any of these individuals to the salient facts, namely the scope and extent of The Foundation's rights in the GEORGE NELSON Marks and Modernica's infringement of them.

7. Nevertheless, Modernica has chosen to notice these individuals for deposition on the eve of the discovery deadline February 16, 2014.  For the reasons set forth below, the Court should enter a protective order quashing the deposition notices and subpoena attached hereto as Exhibit A and otherwise precluding Mr. Walker and Ms. Wisbang from being deposed in this case.

8. All interested parties – The Foundation, Modernica, and Respondents – consent to the transfer of this motion to the U.S. District Court for the Southern District of New York where the underlying case is being heard.

9. The party issuing a subpoena has the burden to demonstrate that the information sought is relevant, material, and has an important bearing upon the allegations and claims at issue in the case.  *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, Case No. 05 Civ. 6430, 2007 WL (S.D.N.Y. Dec. 17, 2007).  Moreover, "to the extent a subpoena sweepingly pursues material with little apparent or likely relevance of the subject matter," it may be found overbroad, unreasonable, oppressive, and burdensome. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D.

44 (S.D.N.Y. 1996); *New York State Energy*, at 712; *see also Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("Obviously, if the sought-after documents not calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [the third-party] would be by definition 'undue.'" (emphasis in original).)

10.    In its meet and confer correspondence with The Foundation's counsel, attached hereto as Exhibit B, Modernica principally claims the depositions of Mr. Walker and Ms. Wisbang will produce relevant information regarding The Foundation's formation and business practices.  As an initial matter, The Foundation's formation and business practices are absolutely irrelevant to the instant dispute.  Despite The Foundation counsel's repeated demands to Modernica for some basis to seek this information, no cogent explanation has been provided to date.  (*See, e.g.*, Ex. B; Plaintiff's Objections and Responses to Defendant Modernica, Inc.'s Interrogatories, Set One, attached as Ex. C (objecting to requests for the identity of persons who prepare The Foundation's tax returns, etc.); and Plaintiff's Objections and Responses to Defendant Modernica's Request for Production of Documents, Set Two, attached as Ex. D (objecting to Request Nos. 75-82).)

11.    The Foundation acquired its intellectual property rights through an assignment agreement in January 2013.  What The Foundation did before that date is wholly irrelevant to the instant dispute.  What The Foundation has done afterward is relevant only to the extent it bears on efforts to protect and enforce its intellectual property rights.  Modernica's efforts to elicit the minutia of The Foundation's day-to-day operations, tax payments, and financial statements through third-party witnesses are misdirected and not reasonably calculated to lead to the discovery of admissible evidence.

12.     Moreover, the "business practice" information Modernica seeks is duplicative of information previously provided through written discovery and depositions.  The Foundation has produced thousands of pages of financial statements, tax documents, and emails.  And Modernica has already deposed The Foundation's Rule 30(b)(6) designee and Executive Director, Karen Stein, on the topic of "the formation, funding, and general operations of the George Nelson Foundation from its inception to the present" for eight full hours.  (*See* Defendant's *Amended* Notice of FRCP: Rule 30(b)(6) Person Most Knowledgeable Deposition to Plaintiff, at TOPICS FOR EXAMINATION No. 2, attached as Ex. E.)  The Foundation has even agreed to make Ms. Stein available for a second session to answer additional questions Modernica may have.  Modernica has also deposed Ms. Wisbang's boss, Mr. Watson, exhaustively on these same topics.

13.     Modernica asserts as an additional basis to depose Mr. Walker that he had discussions with Ms. Nelson about the formation of The Foundation and somehow "represents the only available source of information about those early discussions"  (Ex. B.)  First, The Foundation's formation in 2011 is irrelevant to the instant dispute.  The Foundation did not acquire its intellectual property rights until January 2013.  But even if its formation were potentially relevant, the testimony sought is redundant of the exhaustive testimony offered by Mr. Watson and Ms. Stein, both of whom were present at the formation of The Foundation and present during the discussions referenced by Modernica's counsel.  There is nothing unique about Mr. Walker's knowledge.

14.     Given Mr. Walker's role as CEO of Herman Miller, a publicly traded company with thousands of employees, the Court should be particularly attuned to issues of harassment and grant the requested protective order on the basis that it seeks duplicative information more

readily obtained from other sources. *See Consolidated Rail Corp. V. Primary Industries Corp.*, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (where a corporate executive has not been shown to possess "some unique knowledge pertinent to the issues in [the] case," the court can "preclude a redundant deposition of a highly-placed executive.")

WHEREFORE, Third-Party Respondents Brian Walker and Sally Wisbang respectfully request that the Court enter a protective order prohibiting Modernica from taking the depositions of Mr. Brian Walker and Ms. Sally Wisbang, and to grant The Foundation such other and further relief as the Court deems just and proper.

Respectfully Submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

/s J. Michael Huget_____
J. Michael Huget (P39150)
John J. Rolecki (P78460)
130 S. First Street, 4th Floor
Ann Arbor, MI 48104
T: (734) 418-4254
F: (734) 418-4255

Dated: January 21, 2015

## CERTIFICATE OF SERVICE

I certify that on January 21, 2015, I served a copy of the foregoing document via email and first class mail to the following:

**David C. Lee**
MICHELMAN & ROBINSON LLP
15760 VENTURA BLVD
5TH FLOOR
ENCINO, CA 91436
818-783-5530
Email: dlee@mrllp.com

**Victor K. Sapphire**
Michelman & Robinson LLP
15670 Ventura Blvd 5th Floor
Encino, CA 91436
818-783-5530
Fax: 818-783-5507
Email: vsapphire@mrllp.com

**Carolyn M. Passen**
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693-3012
312-902-5200
Fax: 312-902-1061
Email: carolyn.passen@kattenlaw.com

**Julia Lynn Kasper**
Katten Muchin Rosenman LLP (Chicago)
525 West Monroe Street
Chicago, IL 60661
(312) 902-5200
Email: julia.kasper@kattenlaw.com

**William J. Dorsey**
Katten Muchin Rosenman LLP (Chicago)
525 West Monroe Street
Chicago, IL 60661
(312)-902-5475
Fax: (312)-902-1061
Email: william.dorsey@kattenlaw.com

/s/ Sandra Shalhoub
Sandra Shalhoub